IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARY DIANE FLEMING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 13-CV-405-TCK-FHM |
| | ) |
| (1) QUAIL CREEK NURSING & | ) |
| REHABILITATION CENTER, | ) |
| (2) DIRECTOR BROWN, and | ) |
| (3) GINGER BARSOTTI, former director, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Plaintiff, Mary Diane Fleming, appearing pro se, has filed a Complaint (Doc. 1) and a Motion for Leave to Proceed in Forma Pauperis (Doc. 2).

### I.  Motion for Leave to Proceed in Forma Pauperis

Before the Court is Plaintiff's Motion for Leave to Proceed in Forma Pauperis pursuant to 28 U.S.C. § 1915 (the "Motion"). In the Motion, Plaintiff states that she earns $621.00 per month in Social Security benefits and has $200.00 in cash. Based on the representations contained in the Motion, the Court finds that Plaintiff's Motion for Leave to Proceed in Forma Pauperis (Doc. 2) should be granted.

### II.  Plaintiff's Complaint

In her Complaint (Doc. 1), Plaintiff alleges claims against Quail Creek Nursing and Rehabilitation Center ("Quail Creek"), "Director Brown," and Ginger Barsotti, former director of Quail Creek, arising out of the care of her father, J.D. Fleming. Plaintiff claims Mr. Fleming received inadequate care while he was a resident at Quail Creek from June 2003 through May 2006. (*See* Doc. 1, at 3.) Mr. Fleming passed away in October 2006. (*Id.*) Specifically, Plaintiff alleges Quail Creek "failed to provide needed services to J.D. Fleming, thereby committing [M]edicare

fraud." Plaintiff attempts to allege a "qui tam" action: "Plaintiff believes it is in federal guidelines that a resident is subjected to abuse even if it's not directed at the resident. . . . If one knows of abuse one can file one's own Qui Tam lawsuit." (*See* Doc. 1, at 11.) In support of this claim, Plaintiff alleges her father was abused because Plaintiff was not allowed to visit her father at Quail Creek. (*Id.*)

Plaintiff also alleges a claim for breach of contract. (*See* Doc. 1, at 3 ("This facility broke its contract agreement with J.D. Fleming, thereby violating Federal laws for [n]ursing [h]omes . . . .").) Specifically, Plaintiff alleges Quail Creek breached the contract by (1) not providing Mr. Fleming with the proper diet; (2) allowing him to be isolated and depressed; (3) allowing him to become severely dehydrated; (4) denying him private visitation with Plaintiff during the last years of his life; (5) blocking phone calls from his friends; (6) permitting him to catch too many colds; (7) not meeting his personal care needs; (8) allowing his skin to be bruised; (9) harassing Plaintiff when his health was rapidly declining; and (10) allowing Jeff Fleming, Mr. Fleming's son, to "perpetrate mental and emotional abuse upon his father through his scolding and harassment of staff members and Plaintiff within hearing of J.D. Fleming." Plaintiff requests the Court award her $1 million in damages for her claims.[1] (Doc. 1, at 2.)

### III.   *Sua Sponte* Dismissal

"The federal in forma pauperis statute, enacted in 1892 and presently codified as 28 U.S.C. § 1915, is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). "Congress recognized, however, that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic

---

[1] Plaintiff does not allege any specific claims against Defendants "Director Brown" or Ginger Barsotti.

incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.* In order to prevent such abusive or captious litigation, the statute authorizes federal courts to *sua sponte* dismiss a case filed in forma pauperis if: (1) the allegation of poverty is untrue, (2) the action is frivolous or malicious, (3) the action fails to state a claim upon which relief may be granted, or (4) the action seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also Stafford v. United States*, 208 F.3d 1177, 1179 n.4 (10th Cir. 2000) (describing § 1915(e)(2) as a "screening procedure" for dismissing in forma pauperis claims that are frivolous, that fail to state a claim, that seek monetary relief from immune defendants, or that rest on false allegations of poverty). Dismissals based on § 1915(e)(2) are often made *sua sponte* prior to the issuance of process "so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke*, 490 U.S. at 324.

Both potential claims asserted by Plaintiff fail to state a claim for relief because they are barred by the applicable statutes of limitation.

### A. "Qui Tam" Action

Section 3731(b) of Title 31 of the United States Code establishes the statute of limitations for a qui tam action:

> A civil action under section 3730 may not be brought –
> (1) more than 6 years after the date on which the violation of section 3729[2] is committed, or
> (2) more than 3 years after the date when facts material to the right of action are known or reasonably should have been known by the official of the United States charged with responsibility to act in the circumstances, but in no event more than 10 years after the date on which the violation is committed,
> whichever occurs last.

---

[2] Section 3729 establishes liability for certain acts which fraudulently induce the government to pay out sums of money. 31 U.S.C. § 3729. *See also United States ex rel. Conner v. Salina Reg'l Health Ctr.*, 543 F.3d 1211, 1217 (10th Cir. 2008).

31 U.S.C. § 3731(b). The Tenth Circuit has held that "§ 3731(b)(2) was not intended to apply to private qui tam relators at all." *United States ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 725 (10th Cir. 2006). Therefore, Plaintiff had six years under 28 U.S.C. § 3731(b)(1) to bring a qui tam action.

Plaintiff's father was a resident at Quail Creek from June 2003 through May 2006. Therefore, any violation of Section 3729 by Defendants would have occurred before June 1, 2006. Therefore, the statute of limitations requires any qui tam claims arising from the care Mr. Fleming received at Quail Creek to be brought *before* June 1, 2012. Plaintiff filed her Complaint on July 8, 2013, more than thirteen months too late. Accordingly, the Court finds that any potential "qui tam" claim against Defendants is barred by the statute of limitations in 31 U.S.C. § 3731(b).

### B.   Breach of Contract

Under Oklahoma law, an action based on a written contract must be brought within five years from the date the action accrued. 12 Okla. Stat. § 95(A)(1). An action based on an express or implied contract must be brought within three years from the date the action accrued. *Id.* at § 95(A)(2). A cause of action for breach of contract accrues when "the party asserting it first acquires the right to sue," that is, the party acquires notice of the facts which would support such a claim. *Kinzy v. State ex rel. Okla. Firefighters Pension & Retirement Sys.*, 2001 OK 24, ¶ 11, 20 P.3d 818, 823.

Based on Plaintiff's assertions and the exhibits attached to her Complaint, Plaintiff had knowledge of the facts giving rise to her breach of contract claim before her father left Quail Creek in May 2006 or, at the very latest, when he passed away in October 2006. Therefore, the statute of limitations for Plaintiff's breach of contract action would have expired in October 2009 (for an express or implied contract) or October 2011 (for a written contract). Even assuming Plaintiff

somehow has standing to bring a breach of contract claim on behalf of her father,[3] Plaintiff failed to bring such a claim within the period permitted by Oklahoma law. Accordingly, the Court finds that Plaintiff's breach of contract claim is barred by 12 Okla. Stat. §§ 95(A)(1)-(2).

## IV. Conclusion

IT IS THEREFORE ORDERED that Plaintiff's Motion for Leave to Proceed in Forma Pauperis (Doc. 2) is GRANTED. IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1915(e)(2)(B), this action is DISMISSED WITHOUT PREJUDICE.

**IT IS SO ORDERED** this 19th day of August, 2013.

_Terence C. Kern_
TERENCE C. KERN
United States District Judge

---

[3] "Contracts are binding only upon those who are parties thereto, and are enforceable only by the parties to a contract or those in privity with it . . . Privity of contract is an essential element of a cause of action on a contract, or an action based on contractual theory." *Wells Fargo Bank, N.A. v. Heath*, 2012 OK 54, 280 P.3d 328, 334. Accordingly, Plaintiff only has standing to bring a breach of contract action if she is a party to the subject contract or is a third-party beneficiary to such contract, which is doubtful.